IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| KUNDANA SILPA VASANTHA, RAJEEV GUPTA, JOSEPH KIRAN REDDY ALLAM,<br><br>    Plaintiffs,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF HOMELAND SECURITY,<br><br>    Defendant. | Civil Action No.<br>1:24-cv-04961-VMC |

**ORDER**

Before the Court is Defendant United States Department of Homeland Security's Motion to Dismiss Plaintiffs' Complaint. (Doc. 12). For the reasons that follow, the Court grants the Motion to Dismiss.

**Background**[1]

Because the Court writes for the parties primarily, the following is an abbreviated fact summary. Plaintiffs are three Indian citizens who were the beneficiaries of H-1B visas filed by companies seeking to employ them. (Doc. 1 ¶¶ 1–3, 121–23). The H-1B visa was created by the Immigration Act of 1990, Pub. L.

---

[1] Because this case is before the Court on a Motion to Dismiss, the following facts are drawn from Plaintiffs' Complaint and are accepted as true. *Cooper v. Pate*, 378 U.S. 546, 546 (1964). Quotation marks are omitted from Complaint excerpts to improve readability.

101-649 (1990), and allows U.S. companies to hire foreign nationals to temporarily work in the United States in "specialty occupations." (*Id.* ¶ 72). At present the maximum number of new H-1B visas available each fiscal year is capped at 85,000. (*Id.* ¶ 74). However, every year there are more applications than available visas, requiring the Defendant to conduct a lottery. (*Id.*).

Plaintiffs' petitioning employers each had their "capped" H-1B visas either denied or revoked on the grounds that their employers committed fraud or willful misrepresentation by colluding with other companies to increase the respective Plaintiffs' odds of selection in the H-1B lottery. (*Id.* ¶¶ 121–23). For each case, the Defendant, without notice to Plaintiffs or an opportunity for Plaintiffs to respond, made an additional finding of fraud or material misrepresentation which Plaintiffs allege made them permanently inadmissible to the United States. (*Id.*).

However, Defendant disputes that Plaintiffs are permanently inadmissible. Defendant relies on the Declaration of Sharon Orise, Deputy Portfolio Director, Business Employment Services Team (BEST) within the Service Center Operations Directorate (SCOPS) at U.S. Citizenship and Immigration Services ("USCIS"). ("Orise Decl.," Doc. 12-1). Orise avers that "[t]here is not a USCIS policy or system in place to deny immigration benefits or to make a blanket fraud or material misrepresentation determination regarding any persons who previously listed as an employer any of the petitioning companies or employing organizations

2

identified [in the Complaint]." (*Id.* ¶ 16). "Further," she explains, "records confirm that not a single Plaintiff in this case has been found inadmissible pursuant to 8 U.S.C. § 1182(a)(6)(C)(i) by USCIS or any agency within DHS because of their participation in the H-1B visa lottery. . . . Rather, based on current information, there is nothing preventing the Plaintiffs from reentering the H-1B lottery through a different company." (*Id.* ¶ 17).

## Legal Standard

### I.   Rule 12(b)(1)

The Court should dismiss a complaint under Rule 12(b)(1) only where it lacks jurisdiction over the subject matter of the dispute. "Because standing is jurisdictional, a dismissal for lack of standing has the same effect as a dismissal for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1)." *Stalley v. Orlando Reg'l Healthcare Sys.*, 524 F.3d 1229, 1239 (11th Cir. 2008). A motion to dismiss for lack of subject matter jurisdiction may be based on either a facial or factual challenge to the complaint. See *McElmurray v. Consol. Gov't of Augusta – Richmond Cnty.*, 501 F.3d 1244, 1251 (11th Cir. 2007). "A 'facial attack' on the complaint 'require[s] the court merely to look and see if [the] plaintiff has sufficiently alleged a basis of subject matter jurisdiction, and the allegations in his complaint are taken as true for the purposes of the motion.'" *Id.* (quoting *Lawrence v. Dunbar*, 919 F.2d 1525, 1529 (11th Cir. 1990)). "Factual attacks, on the other hand, challenge the

existence of subject matter jurisdiction in fact, irrespective of the pleadings, and matters outside the pleadings, such as testimony and affidavits are considered." *Id.* (internal quotations omitted). Defendant's motion to dismiss based on lack of standing is a facial attack.[2] Accordingly, the Court will accept as true the allegations in Plaintiffs' Complaint for the purpose of ruling on Defendant's motion to dismiss.

## II.     Rule 12(b)(6)

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). For the purposes of a motion to dismiss, the court must accept all factual allegations in the complaint as true; however, the court is not bound to accept as true a legal conclusion couched as a factual allegation. *Twombly*, 550 U.S. at 555. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 679. Although the plaintiff is not required to provide "detailed factual allegations" to survive dismissal, "threadbare recitals of the elements of a cause of

---

[2] Defendant relies on the Orise Declaration in support of its Motion to Dismiss. But the Orise Declaration largely provides a legal background and, with one exception (Plaintiffs' future admissibility, which Plaintiffs do not rebut), does not dispute any fact in the Complaint. The Court therefore finds it may consider the Orise Declaration without converting Defendant's motion into a factual attack.

4

action, supported by mere conclusory statements, do not suffice." *Id.* at 678; *Twombly*, 550 U.S. at 555.

## Discussion

Defendant makes two primary arguments in favor of dismissing this case: First that the Plaintiffs lack standing, and second that their decisions to revoke or deny the H-1B visas were in accordance with the law. The Court disagrees with the first argument, but agrees with the second, and will therefore dismiss this case on the merits.

### I.     Plaintiffs have standing.

Plaintiffs have the burden to establish that they have standing to pursue their claims. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992). A plaintiff must demonstrate three things to establish standing under Article III: he must have "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016) (citing *Lujan*, 504 U.S. at 560–61). These elements constitute the "irreducible constitutional minimum of standing." *Lujan*, 504 U.S. at 560.

Defendant argues that Plaintiff's injury, a visa denial, is not traceable to its actions but instead were the result of the actions of their prospective employers, the petitioners. (Doc. 12 at 13–14). And it argues that the injury is not redressable

because, "[a]ssuming arguendo that Plaintiffs, the named beneficiaries of the H-1B petitions were given an opportunity to respond to the NOIRs, it would still be the *petitioning employers* burden to overcome the fraud allegations," hence "providing Plaintiffs the opportunity to respond would be futile, as beneficiaries have no role in the H-1B petition context." (*Id.* at 16–17).

But the Eleventh Circuit has already held in other cases that a beneficiary has standing to challenge the denial of a petition filed by another person, agreeing with the Sixth Circuit "that the immigrant beneficiary of an I–140 visa petition had constitutional standing because he suffered an injury that was fairly traceable to USCIS," the denial of immigration benefits. *Kurapati v. U.S. Bureau of Citizenship & Immigr. Servs.*, 775 F.3d 1255, 1259 (11th Cir. 2014) (citing *Patel v. U.S. Citizenship and Immigr Servs.*, 732 F.3d 633, 638 (6th Cir. 2013)). In so holding, the Eleventh Circuit rejected the argument that a beneficiary's lack of "standing to challenge the revocation administratively . . . does not preclude the beneficiary from having standing in the district court" because "it relates to who has the ability to challenge the administrative denial of a petition. It is therefore not a binding statement of constitutional standing." *Id.* at 1260.

Nearly every case the Court could locate facing this same question has found standing on similar lines. *Narambatla v. U.S. Dep't of Homeland Sec.*, No. 2:23-CV-01275, 2024 WL 1659025, at *6 (W.D. Wash. Apr. 17, 2024); *Potnuru v. U.S. Dep't*

6

*of Homeland Sec.*, No. CV-23-02423, 2025 WL 691668, at *5 (D. Ariz. Mar. 4, 2025); *Uddaraju v. U.S. Dep't of Homeland Sec.*, No. 2:24-CV-05120-MRA-AJR, 2025 WL 1723152, at *6 (C.D. Cal. May 6, 2025); *Radhakrishnan v. U.S. Dep't of Homeland Sec*, No. 2:24-CV-00444, 2025 WL 2652481, at *5 (D. Utah Sept. 15, 2025). *But see Atabekov v. U.S. Citizenship & Immigr. Servs.*, 717 F. Supp. 3d 850, 869 (D. Neb. 2024) (finding no standing). The Court agrees with and adopts the majority rationale for standing in the H-1B context. Defendant's Motion to Dismiss is denied on this ground.

**II.   Plaintiffs' Complaint fails to state a claim.**

While Plaintiffs have standing, the Court sides with Defendant on the merits. First, there is no dispute that Plaintiffs are not permanently inadmissible and may apply for a future H-1B visa. So, the only issue is whether Defendant acted unlawfully by denying or revoking Plaintiffs' capped H-1B visas. As the Court noted above, it is not the first district court to face these questions, and the growing majority have held in Defendant's favor.

First, the Court agrees with *Narambatla v. United States Department of Homeland Security*, 770 F. Supp. 3d 1264, 1269 (W.D. Wash. 2025), which held that USCIS has the authority to revoke a capped H-1B visa based on misconduct by someone other than the non-citizen. That court recounted the relevant statute:

> If a[ ] [noncitizen] who was issued a visa or otherwise provided nonimmigrant status and counted against the numerical limitations of paragraph (1) *is found to have been issued such visa or otherwise provided such status by*

7

> *fraud or willfully misrepresenting a material fact and such visa or nonimmigrant status is revoked*, then one number shall be restored to the total number of [noncitizens] who may be issued visas or otherwise provided such status . . . .

*Id.* (quoting 8 U.S.C. § 1184(g)(3)). It explained that "[t]he statute does not say that a cap number can *only* be revoked because of the noncitizen's fraud or misrepresentation," but instead recognized that "[t]he statutory text centers on the issuance of an H-1B visa based on a fraudulent act or misrepresentation, not on the fraudulent actions or misrepresentation of any particular party." *Id.* The Court finds this conclusion persuasive and adopts it here.

Second, the Court agrees with *Potnuru*, which held that Defendant's procedures relied upon to deny the H-1B applications did not require notice and comment rulemaking. *See* 2025 WL 691668, at \*6 ("The attestation requirement is a prophylactic measure that attempts to ensure petitioners do not violate the rules. In the absence of the attestation requirement, DHS would still have authority to revoke the petitions because the regulations allow for revocation when related entities fail to demonstrate a legitimate business need for multiple H-1B petitions on behalf of one beneficiary.").

To the extent that the Complaint or Response to the Motion to Dismiss could be read to raise any other claims, the Court agrees with Defendant that they were waived by Plaintiffs' failure to develop them in briefing. (Doc. 17 at 9, 12) (arguing Eighth Amendment and Procedural Due Process claims waived); *see Narambatla*,

8

770 F. Supp. 3d at 1268 n.4 (noting that "Plaintiffs also seemingly argue that DHS should have provided them with notice prior to revoking their cap numbers" but finding that, as here, "Plaintiffs have failed to adequately develop this argument in their briefing, they have waived this argument."); *accord Radhakrishnan*, 2025 WL 2652481, at *3 n.49.

## Conclusion

For the foregoing reasons, Defendant's Motion to Dismiss Plaintiffs' Complaint (Doc. 12) is **GRANTED** and this case is **DISMISSED WITH PREJUDICE**.

**SO ORDERED** this 22nd day of September, 2025.

_____
Victoria Marie Calvert
United States District Judge